IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENT L. POUNDS                                                                                            PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:21-cv-35-TBM-RPM

WALTHALL COUNTY JAIL, et al.                                                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This cause is before the Court sua sponte for consideration of dismissal. Pro se Plaintiff Kent L. Pounds, an inmate of the Marion-Walthall County Jail in Columbia, Mississippi, initiated this action on March 9, 2021, pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*.

On March 10, 2021, the Court ordered [3] Pounds to either pay the $402 filing and administrative fees or file an application to proceed *in forma pauperis* ("IFP"), including completing "the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." [3] at 1. The response was due April 9, 2021.   On March 29, 2021, Pounds responded [4] by filing an IFP application which included the required Certificate.

On April 21, 2021, the Court entered an Order [5] advising Plaintiff of how this civil action is filed pursuant to the Prison Litigation Reform Act and directing Plaintiff to complete, sign, and return to this Court either (1) an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or (2) a Notice of Voluntary Dismissal, within thirty days. [5] at 1. The

Order warned Plaintiff that his failure to keep the Court informed of his current address or his failure to timely comply may result in the dismissal of this case. *Id*. at 2. **This Order was mailed to Plaintiff's address of record, and it was not returned to the Court as undeliverable.**

When Plaintiff failed to respond, the Court entered an Order [6] to Show Cause on June 4, 2021, directing Plaintiff to show cause by June 18, 2021, why this case should not be dismissed for failure to obey the Court's prior Order. [6] at 1. The Order to Show Cause also warned Plaintiff that his failure to timely comply will result in the dismissal of this case. *Id.* at 2. This Order [6] was returned by the postal service as undeliverable. [7] at 1.

Because Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case. On July 1, 2021, the Court entered a Final Order [8] to Show Cause, directing Plaintiff to show cause by July 15, 2021, why this case should not be dismissed for failure to obey the Court's prior Orders. [8] at 1. The Final Order to Show Cause specifically warned Plaintiff that his "failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." *Id*. at 2. This final Order [8] was returned by the postal service as undeliverable. [9] at 1. Plaintiff did not comply or otherwise communicate with the Court.

This Court has the inherent authority to sua sponte dismiss an action for a plaintiff's failure to prosecute or to obey the court's orders. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). To achieve the orderly and expeditious disposition of cases, the Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with three Court Orders even after being warned that failure to do so would result in the dismissal of his case. [8] at 2; [6] at 2; [5] at 2. Plaintiff has not contacted the Court since March 29, 2021. In its Order [5] on April 21, 2021, the Court directed the Plaintiff to complete, sign, and return to this Court either (1) an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or (2) a Notice of Voluntary Dismissal, within thirty days. [5] at 1. This order, which contained a warning of dismissal within thirty (30) days, was mailed to the Plaintiff's address of record and was not returned as undeliverable.

Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. And the Court's continuous efforts to prompt "diligent prosecution" in this action have proved futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). The Court concludes that this action should be dismissed for Plaintiff's failure to prosecute and to comply with the Orders of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 21st day of October, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE